UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| ROBERT LEE, | § | |
|---|---|---|
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-2422 |
| | § | |
| ACCENTURE LLP, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Accenture LLP's ("Accenture") Rule 12(c) motion for partial judgment on the pleadings. Dkt. 11. Plaintiff Robert Lee responded. Dkt. 15. Accenture replied. Dkt. 16. Having considered the motion, response, reply, complaint, and applicable law, the court is of the opinion that Accenture's motion (Dkt. 11) should be GRANTED.

### I. BACKGROUND

Lee began working for Accenture as a manager in August 2015. Dkt. 1 at 3. Several months later, Accenture gave Lee a three-month assignment in South Africa. *Id.* After Lee received the assignment, Lee's supervisors learned that he was HIV positive. *Id.* at 3–4. Because of this revelation, Lee alleges that he was removed from the South Africa project and denied subsequent assignments. *Id.* at 4–5. Accenture ultimately fired Lee effective October 11, 2016. *Id.* at 5.

On October 18, 2016, Lee and Accenture signed a "Separation Agreement" in which Lee executed a general release of any claims he may have had against Accenture. *Id.* at 6. In exchange, Accenture paid Lee a lump sum equal to four weeks of Lee's base pay. *Id.* The parties do not dispute the existence or terms of the Separation Agreement.

Lee filed suit against Accenture in July 2018, claiming that Accenture violated the Americans with Disabilities Act ("ADA"). Dkt. 1. Accenture moved for partial judgment on the pleadings, arguing that the Separation Agreement bars any of Lee's claims that arose prior to the execution of the Separation Agreement.[1] Dkt. 11. Lee claims that the release is invalid because Accenture has not fully performed under the Separation Agreement. Dkt. 1 at 6.

## II. LEGAL STANDARD

"We evaluate a motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010). In considering a Rule 12(b)(6) motion, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

"[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 556. "Ultimately, the question for a court to decide is whether the complaint states

---

[1] Lee also claims that Accenture violated the ADA by failing to consider him for another position that Lee applied for in February 2017. Dkt. 1 at 6–7. Accenture has not moved for judgment on the pleadings on this claim. Dkt. 11 at 5.

a valid claim when viewed in the light most favorable to the plaintiff." *NuVasive, Inc. v. Renaissance Surgical Ctr.*, 853 F. Supp. 2d 654, 658 (S.D. Tex. 2012).

### III. ANALYSIS

Lee acknowledges that he executed a release of his pre-Separation Agreement claims against Accenture, and that the Separation Agreement was not itself defective. Dkt. 1 at 6; Dkt. 15 at 6 ("Had Defendant paid Lee all consideration it promised to pay him under the Separation Agreement, the Separation Agreement would have been valid, and Lee would have been precluded from bringing claims against Defendant that arose prior to October 24, 2016."). However, Lee argues that Accenture is in breach of the Separation Agreement because Accenture deducted $2,000 in work-related expenses from the lump sum payment without Lee's consent. Dkt. 1 at 6. Lee contends that the Separation Agreement is therefore no longer valid, and that he is not bound by the release. *Id.* Accenture counters, *inter alia*, that a breach of the Separation Agreement only gives rise to a breach of contract claim and does not revive Lee's previously released claims. Dkt. 16 at 3.

The court agrees with Accenture. Courts have uniformly held that a plaintiff who "voluntarily settled her claims [] may not renounce her settlement agreement to bring suit for additional relief. If Defendants have not fulfilled their obligations under the settlement agreement, Plaintiff may have a claim for breach of contract." *Wiley v. Paulson*, 329 F. App'x 512, 512 (5th Cir. 2009); *see also Boone v. Gibson*, No. 3-07-CV-0744-L, 2008 WL 4791345, at *3 (N.D. Tex. Feb. 14, 2008) (collecting cases), *adopted in part by* 2008 WL 4791541, at *2 (N.D. Tex. Oct. 31, 2008) (Lindsay, J.) ("A breach of a settlement agreement does not revive [Plaintiff's] Title VII claims."). Thus, even on the face of Lee's pleadings, Lee has not stated a valid claim for relief under the ADA for Accenture's pre-Separation Agreement actions. Even if Accenture has breached the Separation Agreement, the Separation Agreement remains valid and Lee's pre-Separation Agreement claims

3

are not revived.  Any disagreement about the legality of Accenture's $2,000 deduction must be brought as a breach of contract claim.

However, "[d]ismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified." *Jaquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).  Thus, the court grants Lee's alternative request for leave to amend.  *See* Dkt. 15 at 5–6.  Lee is ORDERED to amend his complaint within twenty (20) days of this order.

### IV.  CONCLUSION

Accenture's motion for partial judgment on the pleadings (Dkt. 11) is GRANTED.  Lee's pre-Separation Agreement ADA claims are DISMISSED WITH PREJUDICE.  Lee's request for leave to amend the complaint (Dkt. 15) is GRANTED as provided in this order.

Signed at Houston, Texas on December 7, 2018.

_____
Gray H. Miller
United States District Judge

4