UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT LEE, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-2422 |
| | § | |
| ACCENTURE LLP, | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Accenture LLP's ("Accenture") motion for summary judgment (Dkt. 30), plaintiff Robert Lee's response (Dkt. 31), and Accenture's reply (Dkt. 32). Having considered the pleadings, evidentiary record, and applicable law, the court finds that Accenture's motion (Dkt. 30) should be **GRANTED**.

**I. BACKGROUND**

At the outset the court notes that Lee has withdrawn both his retaliation and breach of contract claims. Dkt. 31 at 1 n.1. Accordingly, this case solely concerns whether or not Accenture discriminated against Lee on the basis of his HIV-positive status when it failed to rehire him following his termination from the company. Dkt. 31 at 2.

Lee worked for Accenture as an accountant from September 23, 2015 until October 11, 2016. Dkt. 30 at 4; Dkt. 31 at 2, 4. In June of 2016, Lee disclosed to Peggy Krendl, Managing Director of Accenture's resource group, that he was HIV-positive and requested an accommodation for a "full-time, regular work schedule (normal and predictable hours)." Dkt. 30 at 16; *see also* Dkt. 31 at 3.[1]

---

[1] The record is unclear as to whether Lee voluntarily requested an accommodation, or requested an accommodation at Krendl's direction following his disclosure to her. *Compare* Dkt. 30 at 9–10 ("After his removal from the Aspen project, Lee contacted Krendl on June 27 and 28, 2016 to request an accommodation." (citing Lee Tr. 269:5–270:8; 284:23–285:8)), *with* Dkt. 31 at 3–4 ("Krendl responded that if that were Lee's 'position,' he needed to register his request with Human Resources and request an accommodation." (citing Ex. A-1)). However, resolving the

On February 7, 2017, approximately four months after his employment with Accenture was terminated, Lee applied for the position of Capability Network Direct Tax Manager within Accenture. Dkt. 30 at 12; Dkt. 31 at 4. During the hiring process, Tom Browne, a Principal Director in Accenture's Capability Network, removed Lee from consideration for the position. Dkt. 30 at 12–13; Dkt. 31 at 5. Accenture subsequently hired Katherine Jackson for the position. Dkt. 30 at 13; Dkt. 31 at 5. Lee alleges that Accenture "failed to hire him—or even consider him—for the Tax Manager position due to Lee's disability." Dkt. 31 at 6.

## II. LEGAL STANDARD

Summary judgment is appropriate if the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it could affect the outcome of the lawsuit, and a dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *McInnis v. Alamo Cmty. Coll. Dist.*, 207 F.3d 276, 279 (5th Cir. 2000) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). The court "views 'all facts and evidence in the light most favorable to the non-moving party.'" *Moss v. Harris Cty. Constable Precinct One*, 851 F.3d 413, 417 (5th Cir. 2017) (quoting *Juino v. Livingston Par. Fire Dist. No. 5*, 717 F.3d 431, 433 (5th Cir. 2013)). "However, where the non-movant is the party who would have the burden of proof at trial, that party must point to evidence supporting its claim that raises a genuine issue of material fact." *Id.* (citing *Tran Enters., LLC v. DHL Exp. (USA), Inc.*, 627 F.3d 1004, 1010 (5th Cir. 2010)).

---

impetus to Lee's accommodation request during his employment with Accenture is irrelevant to Lee's claim that Accenture discriminated against him when it failed to rehire him four months after his termination. It is irrelevant because Lee cannot establish that the Accenture employee responsible the adverse employment decision against him—Tom Browne—was aware of his accommodation request or HIV status. *See infra* § 3.

# III. ANALYSIS

To establish a prima facie case of discrimination under the Americans with Disabilities Act ("ADA"), a plaintiff must show that: "(1) He is disabled or is regarded as disabled; (2) he is qualified for the job; (3) he was subjected to an adverse employment action on account of his disability; and (4) he was replaced by or treated less favorably than non-disabled employees." *McInnis*, 207 F.3d at 279–80.[2]

Accenture argues that Lee cannot establish a prima facie case of disability discrimination because "there is no evidence that Tom Browne—the decisionmaker who rejected Lee's application for rehire—knew that Lee was HIV-positive." Dkt. 30 at 15; *see also* Dkt. 32 at 3. Lee does not dispute that Tom Browne was the one responsible for making the adverse employment decision against Lee. Nor does Lee point to any evidence suggesting that Browne was aware of Lee's accommodation request and/or HIV status. Although Lee disclosed his HIV status on his employment application (Dkt. 30-3 at 36–37), the evidence shows that Browne never saw the form on which Lee made this disclosure. Dkt. 30-7 at 10. Indeed, Lee admits that his belief that Tom Browne knew about his accommodation request is just that—his belief. Dkt. 30-3 at 36–37. Lee points to no evidence to refute Browne's lack of knowledge of his HIV status. "*We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.*" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990)). Accordingly,

---

[2] Lee argues for the standard announced in *O'Quinn v. Hallmark Toyota-BMW, Inc.*, No. 3:06CV00192-DPJ-JCS, 2008 WL 11380130, at *4 (S.D. Miss. Feb. 7, 2008). Dkt. 31 at 6–7. This unpublished opinion announced a single standard for racial discrimination and disability claims. *See O'Quinn*, 2008 WL 11380130, at *4 (citing only to the standard for a prima facie *racial* discrimination claim, as announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). As to disability claims under the ADA, this opinion is at odds with controlling Fifth Circuit precedent and the court declines to adopt it. *See Shepherd v. Goodwill Indus. of S. Texas, Inc.*, 872 F. Supp. 2d 569, 574 (S.D. Tex. 2011) (citing to different standards for prima facie claims under Title VII and the ADA) (Jack, J.).

Lee cannot show that "he was subjected to an adverse employment action *on account of his disability*." *McInnis*, 207 F.3d at 279–80 (emphasis added).

Lee does not dispute this fact in his response, instead focusing his arguments on why Browne's decision was pretextual, arguing as if he had already established a prima facie case and shifted the burden to Accenture. Dkt. 31 at 7–10. But whether Browne knew of Lee's HIV status is a material fact required to establish the third prong of a disability discrimination claim. *See, e.g.*, *Adeleke v. Dallas Area Rapid Transit*, 487 F. App'x 901, 903 (5th Cir. 2012) (per curiam) (finding that the plaintiff "did not satisfy his burden of demonstrating that there was a genuine dispute as to a material fact regarding whether [his employer] discriminated against him in its hiring decisions" where the employer "offered summary judgment evidence that none of the decisionmakers knew or believed that [plaintiff] suffered from a disability, and [plaintiff] failed to present competent summary judgment evidence that [the decisionmakers] knew [of his disability]"). Because Lee does not point to evidence showing that Browne's ignorance of Lee's disability at the time of the adverse employment decision is in dispute, Accenture is entitled to judgment as a matter of law. *Moss*, 851 F.3d at 417.

### IV. Conclusion

For the reasons stated above, Accenture's motion for summary judgment (Dkt. 30) is **GRANTED**.

Signed at Houston, Texas on September 25, 2019.

_____
Gray H. Miller
United States District Judge